## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL BAUMGARNER #442863 | § | |
| | § | |
| V. | § | A-07-CA-064-LY |
| | § | |
| TEXAS BOARD OF PARDONS AND | § | |
| PAROLES (Director) and TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE - ID (Director) | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. According to Plaintiff, his time credits have not been calculated correctly. Plaintiff contends he has discharged his 20-year sentence for burglary of a building and he is being illegally restrained.

1

Plaintiff seeks a declaratory judgment stating the defendants and their agents have violated the United States and Texas Constitutions, a preliminary injunction enjoining the defendants from falsely imprisoning the plaintiff; his immediate release from prison, compensatory and punitive damages, costs and attorneys fees.  Plaintiff sues the director of the Texas Board of Pardons and Paroles and the director of the Texas Department of Criminal Justice.

<u>DISCUSSION AND ANALYSIS</u>

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B.    <u>Eleventh Amendment Immunity</u>

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.  <u>Pennhurst State School Hosp. v. Halderman</u>, 465 U.S. 89, 104 S. Ct. 900 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed

against states. <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. <u>Green v. State Bar of Texas</u>, 27 F.3d 1083,1087 (5th Cir. 1994).

      C.     <u>Heck v. Humphrey</u>

      Insofar as Plaintiff is seeking monetary damages against Defendants in their individual capacities for his alleged illegal confinement, Plaintiff's claims must be dismissed pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of <u>Heck</u> to state prisoner § 1983 lawsuits in <u>Boyd v. Biggers</u>, 31 F.3d 279 (5th Cir. 1994).  In <u>Heck</u>, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction or revocation of parole has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite.  Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of <u>Heck</u> are met.  Plaintiff should be allowed to refile only upon a showing that the decision to revoke his parole "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

such determination, or called into question by a federal court's issuance of a writ of habeas corpus."
Heck, 512 U.S. at 486-87.

        D.      <u>Habeas Claims</u>

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490, 93 S. Ct. 1836-37 (1973). The Court declines to construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. <u>See</u> <u>e.g.</u> <u>Castro v. United States</u>, 540 U.S. 375, 124 S. Ct. 786 (2003). Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's claims brought against the defendants in their official capacities be dismissed without prejudice for want of jurisdiction, Plaintiff's claims brought against the defendants in their official capacities for monetary damages be dismissed without prejudice to refile once the conditions of <u>Heck</u> are met, and Plaintiff's remaining habeas claims be dismissed without prejudice to refile in an application for habeas corpus relief.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff

from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained

within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of January, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE